# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN SLAIKEU, <br><br>　　　　　　Plaintiff, <br><br>　　　v. <br><br>SERGEANT MASSE, et al., <br><br>　　　　　　Defendants. | Case No. 3:23-cv-00053-JMK |

## SCREENING ORDER

Self-represented prisoner Jonathan Alexander Slaikeu filed a Complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff names the Alaska Department of Corrections ("DOC") and nine DOC employees as defendants. Plaintiff claims Defendants violated his due process rights when he was placed in administrative segregation, that Defendants have been preventing him from filing grievances, and retaliating against him for filing grievances. With his Complaint, Plaintiff submitted multiple pages of DOC records including copies of DOC Polices and Procedures ("P&Ps"), his prisoner grievances with DOC responses, his request for interview forms with DOC's responses, incident report forms, administrative segregation hearing form.

For relief, Plaintiff requests damages in the amount of $ 250,000.00; punitive damages in the amount of $350,000.00; an order requiring defendants to follow

---

[1] Dockets 1–3.

their P&Ps and train their employees on the P&Ps; and a declaration that the "superintendent of the institution shall implement a standard that all staff shall follow and read policy upon being trained at the academy and shall follow such policy as ordered or will receive disciplinary action in file."[2] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and rules on all pending motions.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[3] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity

---

[2] Docket 1 at 18 (spelling corrected).

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 2 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 2 of 17

to amend or otherwise address the problems, unless to do so would be futile.[5] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[6]

## DISCUSSION

During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[7] However, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] The Court takes judicial notice of the other lawsuits filed by Plaintiff. [9]

## I.     Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented

---

[5] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[6] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[7] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); a court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 3 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 3 of 17

plaintiff's pleading and give the plaintiff the benefit of the doubt.[11] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that a plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[14]

Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action for damages under 42 U.S.C. § 1983. Therefore, the Court must dismiss

---

[11] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12] *Ashcroft*, 556 U.S. at 678.

[13] *Id.*

[14] *Id.* (internal citations and quotations omitted).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 4 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 4 of 17

the Complaint. However, the Court grants leave to amend certain claims in accordance with the guidance provided herein.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[15] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[16] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[17] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[18]

Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section

---

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[17] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 5 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 5 of 17

1983 remedy for violations of the statute in question.[19] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[20] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[21]

### A. Due Process in Disciplinary Actions

Prisoners "retain only a narrow range of protected liberty interests."[22] It is possible that "[a] state may create a liberty interest through statutes, prison regulations, and policies."[23] However, a federal court is to grant deference in state prison policies, protocols, and procedures and should be cautious when asked to intervene in the operation of a state prison.[24] A prison disciplinary proceeding is not a criminal prosecution, and therefore "the full panoply of rights due to a [criminal] defendant" do not apply to a prisoner facing a disciplinary action.[25] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general

---

[19] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[20] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[21] *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996).

[22] *Chappell v. Mandeville*, 706 F.3d 1052, 1062–63 (9th Cir. 2013) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

[23] *Chappell*, 706 F.3d at 1063.

[24] *See Beard v. Banks*, 548 U.S. 521, 528–30 (2006); *see also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

[25] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 6 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 6 of 17

application."[26]

When a prisoner faces disciplinary charges, a prison official must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[27] A violation of a prison's regulation does not violate the Due Process Clause as long as the minimal protections described above have been provided.[28]

If prison officials limit a prisoner's "efforts to defend himself, they must have a legitimate penological reason."[29] For instance, prison officials may limit witnesses called by a prisoner, but they must make individual determinations and explain their reasons for those limitations.[30] Additionally, prisoners do not have a right to counsel in disciplinary hearings.[31] But if the prisoner is illiterate, the issues

---

[26] *Id.*

[27] *See Wolff*, 418 U.S. at 563-70 (1974); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077–78 (9th Cir. 2003).

[28] *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994). *See also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (violation of prison regulations does not "establish a federal constitutional violation"); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal constitutional claims).

[29] *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curium).

[30] *See Serrano*, 345 F.3d at 1079–80; *see also Ponte v. Real* 471 U.S. 491, 495–97 (1985).

[31] *Clardy v. Levi*, 545 F.2d 1241, 1246–47 (9th Cir. 1976).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 7 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 7 of 17

are complex, or the prisoner is unable to gather evidence, then some legal assistance must be provided.[32]

The Complaint fails to state a plausible due process claim. Additionally, the Court questions the viability of its jurisdiction over these allegations. Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision, which states "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Furthermore, a prisoner cannot state a constitutional claim for a deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, where the state provides an adequate post-deprivation remedy.[33] Accordingly, Plaintiff's proper process to explore his allegations is not with the U.S. District Court for the District of Alaska, but may rather be with the Alaska Superior Court.

### B. Access to Courts

Prisoners have a constitutional right of access to the courts.[34] The right of

---

[32] *Vitek v. Jones*, 445 U.S. 480, 495–96 (1980).

[33] *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1305 (9th Cir. 1989).

[34] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 8 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 8 of 17

access to courts also applies to prison grievance proceedings.[35] To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury.[36] An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[37] Where a prisoner asserts a backward-looking denial of access claim—one seeking a remedy for a lost opportunity to present a legal claim—he or she must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought."[38] A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope."[39]

Here, Plaintiff has not alleged facts that, if proven, would demonstrate that he suffered an actual injury that could permit him to successfully pursue an access-

---

courts, for '[w]ithout those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.'" (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

[35] *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *abrogated in part on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001).

[36] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

[37] *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted); *see also Hebbe*, 627 F.3d at 342–43; *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996.

[38] *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); *see also Avalos v. Baca*, 596 F.3d 583, 591 n.8 (9th Cir. 2010).

[39] *Christopher v. Harbury,* 536 U.S. 403, 416 (2002).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 9 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 9 of 17

to-courts claim. Rather, with his Complaint, Plaintiff included multiple examples of grievances with responses from DOC; and Plaintiff has multiple pending cases and motions before this Court. Nonetheless, although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

### C. Retaliation

Under the First Amendment to the United States Constitution, an individual has the right to be free from governmental action taken to retaliate against his exercise of First Amendment rights—such as access to the courts—or to deter the individual from exercising those rights in the future.[40] To bring a First Amendment retaliation claim, a plaintiff must allege that:

(1) he engaged in constitutionally protected activity;

(2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and

(3) the protected activity was a substantial or motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech.[41]

To establish a retaliatory motive, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[42] "If the adverse action would have been taken even without the inmate's exercise

---

[40] *Sloman v. Tadlock,* 21 F.3d 1462, 1469–70 (9th Cir. 1994).

[41] *Ariz. Students' Ass'n v. Ariz. Bd. of Regents,* 824 F.3d 858, 867 (9th Cir. 2016)

[42] *Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir. 1989)).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 10 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 10 of 17

of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim."[43]

Plaintiff claims DOC retaliated against him by placing him in administrative segregation and denying him access to courts and to the prison's grievance procedure. However, these accusations are belied by the documentation Plaintiff submitted with his Complaint. It appears Plaintiff was put in administrative segregation because he "had injuries consistent with being in a fight,"[44] and the DOC records demonstrates DOC was actively responding to Plaintiff's grievances.

Unlike an access-to-courts claim, in a retaliation claim, a plaintiff is not required to "demonstrate that its speech was actually suppressed or inhibited."[45] Instead, a plaintiff need only show that the defendant "intended to interfere" with the plaintiff's First Amendment rights and that he suffered some injury as a result. However, here, Plaintiff has not connected any actions by Defendant with an intent to chill speech or alleged any actual harm. Ruling against a prisoner on an administrative complaint does not cause or contribute to a claim of retaliation.[46] Further, DOC purports to have placed Plaintiff in administrative segregation as

---

[43] Docket 12 at 9.

[44] Docket 1-1 at 17.

[45] *Id.*

[46] *See, e.g., Thomas v. Matevousian*, No. 17-cv-1592, 2018 U.S. Dist. LEXIS 46663 at *9, 2018 WL 1452261 at *4 (E.D. Cal. Mar. 21, 2018) ("Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action."); *Hernandez v. Cate,* 918 F. Supp. 2d 987, 1010, 1018 (C.D. Cal. 2013) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a section 1983] violation.").

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 11 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 11 of 17

discipline, and although Plaintiff alleges he was not involved in a fight, he has not pleaded sufficient facts to support a claim that the discipline was imposed as retaliation. Therefore, Plaintiff has not alleged facts to support a plausible claim of retaliation under the First Amendment. Nonetheless, although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

### III. ADDITIONAL CLAIMS

The documents Plaintiff filed with his Complaint include grievances containing additional allegations such as inadequate medical care, cruel and unusual punishment, etc. The Court will not consider these additional facts or allegations. The Court also notes that Plaintiff has multiple other pending lawsuits against DOC that appear to have similar allegations.

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims as he has against an opposing party in one action.[47] But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action."[48]

Unrelated claims that involve different defendants must be brought in

---

[47] Fed. R. Civ. P. 18(a).

[48] Fed. R. Civ. P. 20(a)(2).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 12 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 12 of 17

separate lawsuits.⁴⁹ Rule 18 prevents confusion, ensures that prisoners pay the required filing fees for each lawsuit asserted, and prevents prisoners from circumventing the three-strikes rule set forth under the Prison Litigation Reform Act.⁵⁰

## MOTION FOR COURT-APPOINTED ATTORNEY

A litigant has no federal right to an appointed attorney in a civil action.⁵¹ Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.⁵²

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).⁵³ The Court finds that on the current record, the Court cannot

---

⁴⁹ *Coughlin v. Rogers*, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

⁵⁰ *Jossy v. Hawaii,* No. CV 19-00055 LEK-RT, 2019 WL 2292074, at *8 (D. Haw. May 29, 2019).

⁵¹ *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

⁵² *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

⁵³ *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 13 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 13 of 17

evaluate Plaintiff's likelihood of success on the merits, but it appears that Plaintiff is able to adequately articulate his claims and that this is not particularly complex case, such that this case does not present "exceptional circumstances" that necessitate the assistance of counsel. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 4 is **DENIED without prejudice.**

## MOTION FOR JUDGEMENT ON THE PLEADINGS

At Docket 7, Plaintiff filed a motion requesting judgment in his favor because Defendants "did not wish to contest the claim and have defaulted by not filing an answer in the required 40-day[54] time limit."[55] Actions filed by filed by self-represented prisoners are exempted the standard pretrial procedures.[56] As stated above, the Court is required to screen complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees.[57] Should a complaint proceed beyond the screening stage, the Court will order service and

---

[54] The Court is unclear how Plaintiff determined this deadline. Plaintiff is advised the time limits for filing answers, responses, oppositions, and replies are established by statute, rule, or Court order.

[55] Docket 7 at 1.

[56] Local Civil Rule 16.1(a).

[57] 28 U.S.C. § 1915A(a).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 14 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 14 of 17

issue an order setting a schedule for discovery and dispositive motions. A defendant is not required to respond to a complaint unless and until properly served.[58] Since no complaint has been ordered served and no defendants have yet appeared in this action, a default judgment is not appropriate at this time.[59] Accordingly, the motion at **Docket 7 is DENIED.**

## CONCLUSION

If Plaintiff chooses to amend his complaint, he must keep the complaint short and simple and specifically state what each named defendant did that led to the deprivation of his constitutional or other federal rights.[60] Plaintiff is cautioned that although he has been given the opportunity to amend, he must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[61] Any amended complaint may not include any claims or defendants for which he lacks a sufficient legal or factual basis. Further, the Court discourages the filing of any motions or additional documents until the Court has screened the amended complaint and issued a screening order.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to

---

[58] *See* Rule 4 of the Federal Rules of Civil Procedure. *See also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

[59] *See* Fed. R. Civ. P. 55.

[60] Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

[61] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 15 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 15 of 17

state a claim upon which relief may be granted. The Court will grant leave to amend in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** to file **one of the following**:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims for damages to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[62] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. Plaintiff must include all of the claims he seeks to bring, but may only bring his own claims, not claims on behalf of a proposed class or any individual. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without any alterations or annotations by Plaintiff; **OR**

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed

---

[62] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 16 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 16 of 17

with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[63] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

4. The applications to waive prepayment of the filing fee at Dockets 3 and 9 are **GRANTED**. Should Plaintiff file an amended complaint that passes screening, the Court shall issue a separate order to begin incremental collection of the filing fee.

5. The Motions at Dockets 4 and 7 are **DENIED.**

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 10th day of October, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[63] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:23-cv-00053-JMK, *Slaikeu v. Masse, et al.*
Screening Order
Page 17 of 17
Case 3:23-cv-00053-JMK   Document 11   Filed 10/10/23   Page 17 of 17